IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Darryl Moore, ) | C/A No. 0:10-1413-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Robert Stevenson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, Russell Darryl Moore ("Moore"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 32.) Moore filed a response in opposition to the respondent's motion. (ECF No. 36.) Having carefully considered the parties' submissions and the record in this case, the court finds that Moore's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Moore was indicted in September 1996 in Cherokee County for two counts of common law robbery (96-GS-11-1097 & -1099) and two counts of armed robbery (96-GS-11-1098 & -1100). (App. at 85-86, 89-90, 93-94, 97-98, ECF No. 31-2 at 36-37, 40-41, 44-45, 48-49.) Moore was represented by Donald G. Letteer, Esquire, and on September 20, 1996 pled guilty as charged.[1]

---

[1] Pursuant to the plea agreement, the State accepted a plea to common law robbery on one of Moore's counts of armed robbery (96-GS-11-1100). (App. at 4, ECF No. 31-1 at 8.)

(App. at 12, ECF No. 31-1 at 16.) The circuit court sentenced Moore to fifteen years' imprisonment for each of the original two counts of common law robbery, each sentence to be served consecutively. Additionally, the circuit court sentenced Moore to thirty years' imprisonment for armed robbery (96-GS-11-1098), and fifteen years' imprisonment for the negotiated count of common law robbery (96-GS-11-1100), both sentences to be served consecutively to one another but concurrently to the previous charges, for an aggregate sentence of forty-five years' imprisonment. (App. at 20-21, ECF No. 31-1 at 24-25.)

Moore timely appealed and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender who filed an Anders[2] brief on Moore's behalf on April 17, 1997. (App. at 23-32, ECF No. 31-1 at 27-36.) On December 8, 1997, the South Carolina Court of Appeals dismissed Moore's appeal. (State v. Moore, Op. No. 97-UP-623 (S.C. Ct. App. Dec. 8, 1997); App. at 35, ECF No. 31-1 at 37.) The remittitur was issued on December 29, 1997. (ECF No. 31-5.)

Moore filed a *pro se* application for post-conviction relief on September 30, 1998 ("1998 PCR"). (Moore v. State of South Carolina, 98-CP-11-453, Supp. App. at 1-12, ECF No. 31-3 at 3-14.) On June 2, 2000, the PCR court held an evidentiary hearing at which Moore was present and testified and was represented by Victor Sarratt, Esquire. (App. at 34-76, ECF No. 31-1 at 38 through ECF No. 31-2 at 27.) By order filed January 15, 2002, the PCR judge denied and dismissed Moore's PCR application with prejudice. (App. at 77-82, ECF No. 31-2 at 28-33.)

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

In his PCR appeal, Moore was represented by Eleanor Duffy Cleary, Esquire, Assistant Appellate Defender, who filed a Johnson[3] petition for a writ of certiorari on Moore's behalf on July 30, 2002. (ECF No. 31-6.) In an order dated November 7, 2002, the South Carolina Supreme Court denied Moore's petition for a writ of certiorari. (ECF No. 31-7.) The remittitur was issued November 25, 2002. (ECF No. 31-8.)

Moore filed a second PCR application on January 31, 2007 ("2007 PCR"). (See Moore v. State of South Carolina, 07-CP-11-60, ECF No. 31-9.) The State filed a return and motion to dismiss on April 12, 2007. (ECF No. 31-11.) On September 19, 2007, the PCR court held a hearing at which Moore was present and was represented by Michael Jeffcoat, Esquire. At the hearing, Moore informed the PCR court that he wished to withdraw his 2007 PCR application with prejudice. The PCR court issued an order on November 16, 2007 dismissing Moore's PCR application with prejudice. (ECF No. 31-12.)

Moore filed a third PCR application on September 9, 2008 ("2008 PCR"). (See Moore v. State of South Carolina, 08-CP-11-783, ECF No. 31-13.) The State filed a return and motion to dismiss on July 14, 2009. (ECF No. 31-14.) The PCR court issued a conditional order of dismissal dated July 30, 2009, in which it provisionally denied and dismissed Moore's 2008 PCR application as successive to his prior PCR application and as untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a). (ECF No. 31-15.) Moore responded to the conditional order. (ECF No. 31-16.) A final order of dismissal was issued on

---

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

December 3, 2009. (ECF No. 31-17.) Specifically, the court found that Moore's claims of newly discovered evidence were "barred by the statute of limitations imposed by the Uniform Post Conviction Procedure Act which states that claims of newly discovered evidence must be submitted within one year from the date of actual discovery or the date upon which the information could have been discovered by exercise of due diligence." (Order, Id. at 4.)

Moore timely filed a *pro se* appeal. (ECF No. 31-18.) Pursuant to Rule 243(c) of the South Carolina Appellate Court Rules (formerly Rule 227(c), SCACR), Moore submitted a response to the court opposing summary dismissal. (ECF No. 31-19.) In an order dated February 12, 2010, the South Carolina Supreme Court dismissed Moore's appeal. (ECF No. 31-20.)

Moore filed a Motion for Rehearing dated February 24, 2010. (ECF No. 31-21.) In an order dated April 7, 2010, the South Carolina Supreme Court denied Moore's motion and prohibited Moore from filing any further collateral actions challenging his 1996 convictions in the circuit court without first obtaining permission to do so from the South Carolina Supreme Court. (ECF No. 31-22.) The remittitur was issued April 7, 2010. (ECF No. 31-23.)

Moore filed a request for permission to proceed in the circuit court which was denied by the South Carolina Supreme Court on June 25, 2010. (ECF No. 31-24.) Moore filed his federal Petition for a writ of habeas corpus on June 1, 2010.[4] (Pet., ECF No. 1.) On July 30, 2010, Moore was granted leave to file an Amended Petition. (Am. Pet., ECF No. 13.)

---

[4] While generally Moore as a prisoner would be entitled to the holding in Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court), it appears that Moore's Petition was hand-delivered, presumably by a third party, to the court for filing. (See ECF No. 1-10.) Accordingly, Moore's Petition was filed as of the date it was received by the Clerk of Court. Fed. R. Civ. P. 3; Local Civil Rule 5.02 DSC.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Moore's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Moore filed a direct appeal, his conviction became final on December 29, 1997, the date the South Carolina Court of Appeals entered the remittitur.[5] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on December 30, 1997 and expired on December 29, 1998, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the

---

[5] Because Moore did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009, the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Moore's direct appeal. Therefore, South Carolina Supreme Court discretionary review was available and a prerequisite to seeking certiorari review from the United States Supreme Court.

limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Moore filed a his first PCR application on September 30, 1998. At that point, 275 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the Moore's PCR action until November 25, 2002, when the South Carolina Supreme Court issued the remittitur from its order denying Moore's certiorari petition. At this time, Moore had 90 days of statutory time remaining, which means that Moore had until February 23, 2003[6] to file a timely federal habeas corpus petition.

Moore filed a second PCR application on January 31, 2007; however, this application did not toll the statute of limitations because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Moore's 2007 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action.

With regard to Moore's third PCR application, which was filed on September 9, 2008, the court observes that this application was also filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Accordingly, Moore's 2008 PCR action did not toll or revive the already expired statute of limitations for filing his federal habeas action. Moreover, even if Moore's 2008 PCR application had been filed prior to the expiration of the federal statutory period, it was not "properly filed" within the meaning of § 2244(d), and accordingly would not have tolled Moore's

---

[6] February 23, 2003 was a Sunday; therefore, Moore had until the following Monday, February 24, 2003 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

federal habeas deadline.  See 28 U.S.C. § 2244(d); Pace v. DiGugliemlo, 544 U.S. 408, 410 (2005) (finding that a petitioner's petition for writ of habeas corpus was not properly filed within the meaning of § 2254 because the petitioner's state post-conviction petition was dismissed by a state court as untimely).  Therefore, Morris's statutory deadline expired on February 24, 2003.

**C.     Moore's Arguments**

With regard to the timeliness of his federal Petition, Moore appears to argue that he has newly discovered evidence and that subject matter jurisdiction can be raised at any time.[7]  (See generally Am. Pet., ECF Nos. 13 & 13-2 at 13; Resp. Opp'n Summ. J., ECF No. 36 at 2-4.)

To the extent that Moore relies on his "newly discovered evidence" to delay the commencement of the limitations period pursuant to § 2244(d)(1)(D), the court finds this argument to be without merit.  Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The relevant date in examining § 2244(d)(1)(D) is the date that Moore could have discovered through the exercise of reasonable diligence the claims presented in his Petition.  The "newly discovered evidence" that Moore relies upon is a May 2, 1995 order from the Cherokee County Clerk of Court that he received in May 2009.  Moore argues that this order indicates that the court had appointed him different counsel prior to the appointment of Mr. Letteer, the court-appointed counsel that handled Moore's state court proceedings.  This assertion was first presented in Moore's 2008 PCR proceedings.  The 2008 PCR court rejected this argument

---

[7] The court observes that whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action.  See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (concluding that because a petitioner's allegations that circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review absent a showing of a "complete miscarriage of justice"); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.").

after finding that this information "was available for discovery by exercise of due diligence at the time of the plea, September 20, 1996, or at the time of the 2000 PCR hearing." (Final Order, ECF No. 31-17 at 4.) Although Moore argues that the PCR court reached this conclusion without providing him with a hearing, he has failed to demonstrate that the finding was objectively unreasonable. 28 U.S.C. § 2254(d)(2). Moreover, factual determinations by the state court are presumed to be correct, unless the petitioner can rebut them by clear and convincing evidence, which Moore has failed to do. 28 U.S.C. § 2254(e)(1). Accordingly, Moore has failed to demonstrate that the factual predicates to the claims actually presented in his Petition could not have been discovered through the exercise of due diligence until May 2009.

Moore also contends that he is entitled to avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition based upon the principles of equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. Upon

thorough review of the filings in this matter, the court finds that Moore has failed to demonstrate that he would be entitled to equitable tolling of the limitations period under this standard.

## RECOMMENDATION

Based upon the foregoing, the court finds that Moore's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 1, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).