**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Russell Darryl Moore, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 0:10-cv-01413-JMC |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Robert Stevenson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on *pro se* Petitioner Russell Moore's Petition for Writ of Habeas Corpus [Doc. 1] under 28 U.S.C. § 2254. Petitioner is a South Carolina state prisoner, currently serving an aggregate sentence of forty-five years for two counts of common law armed robbery and two counts of armed robbery to which he pled guilty on September 20, 1996. *See* [Doc. 38, at 1]. On December 8, 2010, Respondent Robert Stevenson filed a Motion for Summary Judgment [Doc. 30], and Petitioner filed a Response in Opposition to the Respondent's Motion for Summary Judgment on January 7, 2011. [Doc. 36].

The Magistrate Judge's Report and Recommendation [Doc. 38], filed on March 2, 2011, recommends that Respondent's Motion for Summary Judgment [Doc. 30] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or

1

recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner petitions the court for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's petition is based on two grounds: 1) Fourteenth Amendment Right to Due Process, Subject Matter Jurisdiction, Involuntary Waiver of Presentment; and 2) Sixth and Fourteenth Amendment Right to Counsel. [Doc. 1, at 5-6].

Petitioner timely filed objections to the Magistrate's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court discerns two specific objections to the Magistrate Judge's Report and Recommendation. [Doc. 42, at 4, 6]. First, Petitioner objects to the Magistrate Judge's conclusion that "whether the state court lacked subject matter jurisdiction is a question of state law, which is not cognizable in this federal habeas action." [Doc. 38, at 8 n. 7] (citing *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998)). In this regard, Petitioner appears to argue that "his plea is unconstitutional and invalid" because the circuit court lacked "jurisdiction to accept his plea and render a sentence . . . ." [Doc. 42, at 4]. However, Petitioner's argument is without merit as this court finds that the Magistrate Judge has correctly identified the law governing a federal court's lack of power to review state court subject matter jurisdiction as governed by state law. [Doc. 38, at 8

n. 7].

In his second specific objection, Petitioner objects to the Magistrate Judge's conclusion that his petition is barred because it is untimely under 28 U.S.C. § 2244(d). [Doc. 42, at 6]. The basis of Petitioner's objection is that because of newly discovered evidence, he was consequently unable to timely file his claim of denial of counsel under the Sixth Amendment. [Doc. 42, at 4]. However, this court finds that Petitioner's objection is without merit. Based on this court's review of the record, the Magistrate Judge correctly concluded that Petitioner's Petition for Writ Habeas Corpus, filed on June 2, 2010, was untimely because it was filed well beyond the February 24, 2003, deadline for a timely filed petition. In addition, the Magistrate Judge correctly concluded that Petitioner's arguments concerning newly discovered evidence do not justify application of the exception to the statute of limitations under § 2244(d) as established by the doctrine of equitable tolling.

Accordingly, this court adopts the Magistrate Judge's recommendation [Doc. 38] and grants Respondent's Motion for Summary Judgment. [Doc. 30]

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 38] and incorporates it herein. It is therefore **ORDERED** that Respondent's Motion for Summary Judgment [Doc. 30] is **GRANTED**. Having fully reviewed the Magistrate Judge's Report and Recommendation, the court further **DENIES** Petitioner's Motion to Amend/Correct Objections to the Report and Recommendation. [Doc. 47].

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
June 29, 2011

4